UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ENZERT LEWIS, )
)
Petitioner, )
)
v. )    No. 2:17-cv-00141-JMS-MJD
)
DICK BROWN, )
)
Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Enzert Lewis for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 16-12-115. For the reasons explained in this Entry, Lewis's habeas petition must be **denied**.

A.     **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B.    The Disciplinary Proceeding

On December 22, 2016, Lewis was charged in case WVD 16-12-0115 with offense B-202, possession or use of a controlled substance. The conduct report states:

> On 12-22-16 at approximately 9:15 am, I c/o M. Cunningham was conducting a search of cell #303 in LHU. During the search I found a Kernel Season's Bacon Cheddar Seasoning—orange and red bottle 2.85 oz.—with a green leafy substance inside. Inmate Enzert Lewis (249127) lives in this cell #303.

The contraband was confiscated and sent to internal affairs, where it was photographed and tested—it tested positive for synthetic marijuana, also known as K2 spice.

On December 29, 2016, Lewis was notified of the charge of possession or use of a controlled substance and served with a copy of the conduct report and a copy of the Notice of Disciplinary Hearing, "Screening Report." Lewis was notified of his rights and pleaded not guilty. He requested a lay advocate, and one was later appointed. Lewis did not request any witnesses or physical evidence.

On January 4, 2017, the Disciplinary Hearing Officer held a hearing in case WVD 16-12-0115. Lewis pleaded not guilty to the B-202 charge and made the following statement: "Can I plead guilty to C-307? It was just oregano from the kitchen. It was mine. My Bunkie had nothing to do with it." Prior to the hearing, Lewis had also submitted another statement, in which he urged that his cellmate not be found guilty and that the substance was oregano, not K2 spice. The DHO found Lewis guilty of offense B-202 based on the conduct report, Lewis's statements, the photo, and the positive field test results. Due to the likely corrective effect of sanctions, the DHO imposed a written reprimand, a 30-day loss of commissary privileges, and a 30-day deprivation of earned credit time.

On January 6, 2017, Lewis appealed to the respondent, arguing that the leafy green substance needed to be sent to an outside lab for confirmation testing. The respondent denied

Lewis's appeal on January 20, 2017. Lewis's subsequent appeal to the final reviewing authority for the Indiana Department of Correction ("DOC"), in which he asked for retesting and a reweighing of the evidence, was denied.

### C.    Analysis

Lewis challenges the disciplinary action against him arguing that the leafy substance was not sent to an outside lab for confirmation; there was a break in the chain of custody; in addition to the sanctions imposed by the hearing officer, he has been restricted to non-contact visitation; he was not provided with a translator; and DOC policy was not followed because his appeal response was not personally delivered to him. The respondent argues that Lewis had not shown that his due process rights were violated with regard to his claim regarding outside laboratory confirmation and that his other claims are barred because his did not exhaust his administrative appeals with respect to those claims.

#### 1. *Outside Laboratory Confirmation*

Lewis first asserts that his due process rights were violated because the leafy substance was not sent to an outside laboratory for confirmation. The respondent replies that Lewis did not request outside lab testing at the time of his hearing and that due process does not require outside testing.

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But prison officials do not violate due process when they do not consider evidence that an inmate does not request. Lewis does not claim that he requested outside laboratory testing and he therefore cannot claim that he was denied this evidence.

Lewis may also be understood to argue that, without outside confirmation, the evidence was insufficient to support his disciplinary conviction. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Lewis was charged with and found guilty of offense B-202, which prohibits "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." The field test results show that the substance at issue tested positive for synthetic marijuana. This is sufficient evidence to support his disciplinary conviction. *Cf. Ellison*, 820 F.3d at 274 (conduct report is sufficient evidence to support conviction). To the extent that Lewis argues that his conviction is not supported by sufficient evidence because the evidence card was not in the photo, the respondent argues that he procedurally defaulted this argument and that, even if he raised it properly, the suggestion that the substance tested is not the substance that was confiscated does not undermine the test results "[a]bsent some affirmative indication that a mistake may have been made." *Webb*, 224 F.3d at 652–53. There is no such affirmative indication here. The chain of custody is listed in the test results and the photo matches the conduct report's description of the substance and seasoning

container. Lewis has therefore failed to show that the evidence is insufficient to support the disciplinary conviction.

## 2. *Procedural Default*

The respondent argues that Lewis's remaining grounds for habeas relief are procedurally barred. A prisoner generally is required to exhaust all available administrative remedies before seeking a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Moffat v. Broyles,* 288 F.3d 978, 981-82 (7th Cir. 2002). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). Failure to exhaust a claim constitutes a procedural default barring federal habeas relief. *Moffat*, 288 F.3d at 981-82.

The only ground asserted in Lewis's petition that he presented in his administrative appeals is his claim, which is discussed above, that the substance should have been sent for testing. In his administrative appeals, Lewis did not mention the lack of an evidence card in the photo of the drug test results, a restriction on visitation privileges, the lack of a translator, or a violation of policy concerning delivery and signing of the appeal response. Because Lewis failed to raise these claims in his administrative appeals, they are procedurally defaulted.

A petitioner can overcome procedural default if he shows cause for the default and prejudice resulting from it, *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004), but Lewis has not shown these factors here. Lewis apparently attempts to overcome the default by stating that he needs a translator. But his filings in this case and his in disciplinary case show that he understands the disciplinary action against him. His arguments have been coherent and well-reasoned. The issue in this case has been simple and straightforward. Moreover, he also had a lay

advocate at the hearing. *Cf. Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Lewis therefore has not shown that the lack of a translator caused him to neglect to raise these claims.

Moreover, two of Lewis's grounds for relief do not amount to due process violations. Lewis complains in his third ground about a restriction on his visitation privileges. But a restriction on visitation privileges concerns the conditions of confinement, not the duration of custody, so it cannot be challenged under 28 U.S.C. § 2254. *See Washington v. Smith,* 564 F.3d 1350, 1350 (7th Cir. 2009). In addition, a prisoner does not have a liberty interest in visitation privileges, so they can be restricted for any or no reason. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460–61 (1989). Finally, contrary to Lewis's argument, the Double Jeopardy Clause does not apply to prison disciplinary proceedings. *Meeks v. McBride*, 81 F.3d 717, 721-22 (7th Cir. 1996).

In his last ground for relief, Lewis claims that prison policy concerning the delivery of a response to an administrative appeal was violated. But habeas relief is not available for violations of state law or prison policy. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

In short, Lewis has procedurally defaulted on all of his claims for relief other than his challenge to the sufficiency of the evidence and he has not shown cause for this default. He therefore cannot raise these claims now.

**D.    Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Lewis to the relief he seeks. Accordingly, Lewis's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 11/2/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana


Distribution:

ENZERT LEWIS
249127
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov